William Marion WALKER, Appellant,

v.

BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY, Oklahoma, and Muskogee County Court Clerk, Nadine Harnage, Appellees.

No. 68800.

Supreme Court of Oklahoma.

Feb. 27, 1990.

Rehearing Denied April 3, 1990.

---

Jon Tom Staton, Muskogee, for appellant.

Norman D. Thygesen, Asst. Dist. Atty., Muskogee, for appellees.

SIMMS, Justice:

Appellant, plaintiff below, commenced a civil rights action brought under 42 U.S.C. § 1983, against the court clerk and the county commissioners of Muskogee County. The petition alleged that the court clerk was "negligent" for paying out the proceeds from a foreclosure sale to parties unentitled thereto and refusing to pay the proceeds to the rightful recipient.

The Court of Appeals held that because the Board of County Commissioners for Muskogee County, the "official policymakers for the county," had not instituted a policy or custom for the court clerk to follow in paying judgments, there was no policy nor custom which was followed by the court clerk which resulted in a constitutional deprivation of petitioner's rights. The Court of Appeals, therefore, affirmed the trial court's order dismissing the action. Plaintiff then sought certiorari in this Court. We have previously granted certiorari, and now vacate the opinion of the Court of Appeals and affirm the trial court.

## I.

The facts leading up to the instant case are that the mortgagee on plaintiff's homestead property brought a foreclosure action against the property, naming plaintiff as a party defendant. Two other creditors intervened in the action alleging debts which were liens upon the homestead. The trial judge approved the subsequent sale of the homestead and set a hearing for the determination of the priority of claims. Due to lack of notice, no one appeared for the hearing, and the trial judge reset the hearing.

In the interim, the creditors presented another district judge with an order entitled "Judgment and Order Determining Priorities and Directing Distribution" which had been approved by all parties except plaintiff who was unaware of this order or of the hearing before the second judge. The order erroneously states that the cause came on for hearing on the date originally set. The order further distributed the proceeds of the sale to creditors who did not have liens on the homestead. The district judge approved the distribution as set out in the order and directed the money from the sale which had been paid to the county court clerk to be distributed to the mortgagee of the homestead and to two judgment lien creditors. After this order was rendered, the creditors made demand upon the court clerk who immediately paid the money over to the creditors in accordance with the order of distribution.

Plaintiff subsequently learned of the hearing and judgment and moved for reconsideration on the grounds that he was denied due process. The district judge who rendered the ex parte judgment agreed that petitioner had been deprived of his constitutional rights to due process, and therefore, granted a rehearing. Upon rehearing, the court ruled that plaintiff was entitled to monies in excess after the mortgagee's claim was satisfied.

Plaintiff then presented the new order of distribution to the court clerk who refused to pay because the funds had previously

been dispersed to the judgment lien creditors under the ex parte order.

Unable to obtain the funds from the court clerk, and unable to sue one of the creditors which had filed for bankruptcy and was protected from actions by bankruptcy law, the petitioner filed this civil rights action under the provisions of 42 U.S.C. § 1983, alleging his constitutional rights were violated by the court clerk when she distributed the excess funds from the foreclosure sale to persons unentitled thereto pursuant to a custom of paying the funds upon demand by the litigants or their attorneys. The trial court petition alleges the actions of the court clerk and the Board of County Commissioners constituted acts of simple "negligence".

### II.

In *Wilhelm v. Gray*, Okl., 766 P.2d 1357 (1988), we held that "because the appellants amended petition sounds only in negligence," there could be no § 1983 relief. In *Wilhelm*, we quoted from *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 for the proposition that allegations of negligence do not rise to the level sufficient to state a claim under § 1983. In *Daniels*, the Supreme Court held that Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. "Where a government official's act causing injury to life, liberty or property is merely negligent, no procedure for compensation is constitutionally required."

The allegations of plaintiffs trial court petition alleging mere negligence fall far short of stating a claim against either the appellee court clerk or the Board of County Commissioners of Muskogee County.

Because plaintiff/appellant has failed to state a claim upon which relief can be granted, the order of the trial court dismissing appellant's petition is AFFIRMED. It is, therefore, unnecessary to address the other issues raised in the appeal.

COURT OF APPEALS OPINION VACATED. JUDGMENT OF THE TRIAL COURT AFFIRMED.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES and DOOLIN, JJ., concur.

LAVENDER, ALMA WILSON and KAUGER, JJ., concur in result.

SUMMERS, J., disqualified.